IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| FARENCIE BAUCOM | : | CIVIL ACTION |
| --- | --- | --- |
|  | : |  |
| v. | : | No. 17-2916 |
|  | : |  |
| ANDREW SAUL,[1] | : |  |
| *ACTING COMMISSIONER OF SOCIAL* | : |  |
| *SECURITY* | : |  |

**MEMORANDUM**

**Juan R. Sánchez, C.J.**                                                                                   **November 14, 2019**

Plaintiff Farencie Baucom seeks review of the denial of her application for Social Security Disability Insurance Benefits and Supplemental Security Income by the Commissioner of Social Security. In a decision issued February 1, 2016, an Administrative Law Judge (ALJ) concluded Baucom was not disabled after applying the Social Security Administration's five-step sequential evaluation process. *See* 20 C.F.R. § 404.1520. Baucom now argues the ALJ's decision was not supported by substantial evidence and made several errors in denying Baucom's application. Upon consideration of Baucom's request for review in this Court, United States Magistrate Judge David R. Strawbridge issued a Report and Recommendation (R&R) addressing the alleged errors. He concluded the ALJ's decision was supported by substantial evidence, and recommended this Court affirm the Commissioner's denial of benefits. Baucom filed objections to the R&R and asks this Court to remand her case to the Commissioner or direct the Commissioner to award her benefits. Because the Court agrees with the R&R's determination that the ALJ's decision was supported by

---

[1] Andrew Saul became the Commissioner of Social Security on June 17, 2019. Pursuant to Federal Rule of Civil Procedure 25(d), Saul is substituted for Nancy A. Berryhill as the Defendant in this case.

substantial evidence, the Court will overrule Baucom's objections, deny her request for review, and enter judgment in favor of the Commissioner.

**BACKGROUND**

Pursuant to the Administration's five-step sequential evaluation process, the ALJ first found Baucom had not participated in substantial gainful activity at the time since the alleged onset date of her disability. Second, the ALJ found Baucom properly demonstrated she suffered from a severe impairment, one that had more than a *de minimus* effect on the performance of her job duties. Third, the ALJ determined Baucom's impairment did not equal the severity of one of the listed impairments within the criteria enumerated in 20 C.F.R. Part 404, Subpart P, Appendix 1. Fourth, the ALJ concluded Baucom has the residual functional capacity (RFC) to perform medium work as defined in 20 C.F.R. § 404.1567(c) and 416.967(c), except Baucom is limited to simple repetitive tasks with only occasional changes in the work setting and occasional contact with the public and co-workers. Finally, the ALJ found Baucom was incapable of performing her previous job duties, but that there were many jobs within the national economy which Baucom could still perform.

In her Request for Review, Baucom argued the ALJ's decision was not supported by substantial evidence because it (1) failed to fully consider the medical evidence; (2) did not offer evidence for holding that Baucom suffered from a mood impairment; (3) failed to fully consider Baucom's anxiety-related symptoms; (4) did not adequately weigh the medical opinion evidence; (5) erred in determining Baucom's RFC status; and (6) improperly weighed Baucom's credibility. On May 2, 2019, Judge Strawbridge issued the R&R and addressed these alleged errors. He concluded the ALJ's decision was supported by substantial evidence, and recommended this Court affirm the Commissioner's denial of benefits.

On May 16, 2019, Baucom filed objections to the R&R, reiterating arguments previously made in her request for review. Additionally, Baucom makes two other objections in which she argues (1) the R&R's citation to non-binding case law was contrary to Third Circuit precedent requiring remand if an ALJ does not explicitly weigh and explain relevant evidence, and (2) Judge Strawbridge and the ALJ improperly placed the burden upon her in the RFC assessment. The Court now addresses Baucom's objections.

**DISCUSSION**

Pursuant to 28 U.S.C. § 636(b)(1), this Court reviews de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." Upon de novo review of the record, and considering Judge Strawbridge has already addressed most of the arguments set forth in her objections, the Court will overrule Baucom's objections for the reasons stated in the R&R. The Court will, however, briefly address the additional legal authority Baucom relies on in support of her argument regarding the ALJ's failure to consider all of her medical evidence. The Court will also briefly address Baucom's objection to the ALJ and the R&R for placing the burden of proof on her in the RFC assessment.

Baucom objects to the R&R's citation to *Phillips v. Barnhart*, 91 F. App'x 775 (3d Cir. 2004), arguing the case is contrary to Third Circuit precedent which states an ALJ's failure to properly articulate a reason for rejecting relevant evidence requires remand. *See* Objs. 3. In support, Baucom cites *Dobrowolsky v. Califano*, 606 F.2d 403 (3d Cir. 1979), explaining unless an ALJ "has analyzed all evidence and has sufficiently explained the weight of *obviously probative* exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's 'duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.'" 606 F.2d at 407 (emphasis added). Baucom's reliance on this case, however, is

misplaced because the evidence Baucom argues should have been considered and explicitly rejected was not "obviously probative." As stated in the R&R, the treatment notes Baucom cites were either unremarkable or repetitive of the evidence the ALJ did explicitly cite. *See* R&R 7–9. Baucom also fails to cite to any support for her argument that "[t]o be 'considered,' evidence must at least be mentioned." Objs. 7. Therefore, Baucom's additional case law does not entitle her to relief. *See Reed v. Berryhill*, 337 F. Supp. 3d 525, 528 (E.D. Pa. 2018) ("There is no requirement that the ALJ discuss in the decision every 'tidbit' of evidence included in the administrative record." (citing *Hur v. Barnhart*, 94 F. App'x 130, 133 (3d Cir. 2004))).

Despite the R&R's citation to a non-precedential Third Circuit case, the R&R also cited *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 119–20 (3d Cir. 2000) and *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004). In these cases, the Third Circuit explains an ALJ is required to set forth sufficient reasons for reliance or rejection of relevant evidence, although an ALJ is not required to use particular language or adhere to a specific format when doing so. Although Baucom disagrees with the format the ALJ used in considering the relevant treatment notes, Judge Strawbridge reviewed the ALJ's analysis of Baucom's medical evidence and found she properly reviewed the relevant evidence and provided sufficient explanation for her methodology. *See* R&R 8–9. After de novo review, the Court agrees with this finding and will overrule this objection.

Baucom also objects to the R&R's finding that the ALJ's RFC assessment was supported by substantial evidence. In her objection, Baucom asserts the ALJ and R&R improperly placed the burden on her in the RFC assessment to establish any work-related limitations associated with her impairments. *See* Objs. 9–13. This argument is without merit.

"The claimant bears the burden of proof at steps one through four"—which includes the RFC assessment. *Smith v. Comm'r of Soc. Sec.*, 631 F.3d 632, 634 (3d Cir. 2010). Baucom incorrectly states the Commissioner bore the burden of proof regarding the RFC assessment. *See* Objs. 13. Although the burden did shift to the Commissioner after the ALJ found Baucom did not have the RFC to perform past relevant work, Baucom still bore the burden before the ALJ made that finding. *See Smith*, 631 F.3d at 634. As a result, at step four, where the RFC assessment occurred, it was Baucom's burden to prove the additional limitations that potentially affected her RFC assessment. Neither the ALJ nor Judge Strawbridge in the R&R improperly placed the burden on Baucom in the RFC assessment. The Court will thus overrule this objection.

**CONCLUSION**

The Court finds the ALJ's decision was supported by substantial evidence. Accordingly, the Court will overrule Baucom's objections, approve and adopt the R&R, and enter judgment in favor of the Commissioner.

BY THE COURT:

 /s/  Juan R. Sánchez
Juan R. Sánchez, C.J.